## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

STEVEN WAR
15521 Quail Run Drive
Gaithersburg, MD 20878

            Plaintiff,

   v.

TAYMAN LANE CHAVERRI L.L.P.,
2001 L Street NW Suite 500
Washington, DC 20036

            Defendant.

**COMPLAINT FOR:**
- **LEGAL MALPRACTICE**
- **BREACH OF CONTRACT**
- **BREACH OF FIDUCIARY DUTY**
- **NEGLIGENT MISREPRESENTATION**
- **UNJUST ENRICHMENT**

**JURY TRIAL DEMANDED**

---

Plaintiff Steven War ("Plaintiff" or "War"), hereby alleges in this Complaint seeking monetary and other relief against Defendant Tayman Lane Chaverri L.L.P. ("Defendant" or "TLC"), as follows:

### INTRODUCTION

1. This is an action for legal malpractice, breach of contract, breach of fiduciary duty, negligent misrepresentation, and unjust enrichment.

2. Defendant provides legal services to the public including representation in litigations.

3. Plaintiff is an individual residing in Montgomery County, Maryland.

4. In November of 2020, Plaintiff retained Defendant to represent Plaintiff in a litigation before the Circuit Court of Montgomery County, Maryland.

5. Prior to retaining Defendant, Plaintiff sought assurances from Defendant that Defendant had the level of skill and knowledge to properly represent Plaintiff in the litigation.

6. Defendant provided Plaintiff with the requested assurances.

7. During the course of the civil litigation, and especially during the trial, it became apparent that Defendant did not have the skill or knowledge to adequately represent Plaintiff in the litigation.

8.   On information and belief, some of the arguments advanced by Defendant on Plaintiff's behalf in the litigation were contrary to black letter law in Maryland.

9.   In addition, Defendant committed other errors during Defendant's representation of Plaintiff in the litigation and at trial.

## PARTIES

10. Plaintiff is an individual residing in Montgomery County, Maryland with a home address of 15521 Quail Run Drive, Gaithersburg, MD, 20878.

11. On information and belief, Defendant is a District of Columbia limited liability partnership with an office at 2001 L Street N.W., Suite 500, Washington, D.C. 20036.

12. On information and belief, Defendant's agent of record is Katie Lane Chaverri, 2001 L Street NW, Suite 500, Washington, D.C. 20036.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because the amount in controversy excluding costs, interest and attorneys' fees exceeds $75,000 and there is complete diversity of citizenship inasmuch as plaintiff and defendant are not domiciled in the same state.

14. Plaintiff is domiciled in Maryland and Defendant has its office in the District of Columbia and Defendant is registered in the District of Columbia.

15. This Court has personal jurisdiction over Defendant because Defendant's principal place of business is in the District of Columbia, Defendant conducts business in the District of Columbia and Defendant's principal place of business during a substantial part of the events giving rise to Plaintiff's claims was in the District of Columbia.

## FACTUAL ALLEGATIONS

16. On July 7, 2017, Plaintiff was awarded an award of arbitrator ("the Arbitration Award") against American Deck & Patio awarding Plaintiff $13,472.80 plus arbitration costs of $500.00 against American Deck & Patio.

17. On information and belief, American Deck & Patio is a 'doing business as" ("dba") name for American Deck-Maryland/Metro DC Inc. ("American Deck-MD").

18. On, or about, December 12, 2019, Plaintiff, acting *pro se*, filed an initial complaint against American Deck-MD dba American Deck & Patio in the Circuit Court for Montgomery County ("the Circuit Court").

19. The case number for Plaintiff's case against American Deck-MD was 476513V ("the 476513V Case").

20. The counts included in the initial complaint against American Deck-MD in the 476513V Case were: (1) Breach of Contract, (2) Fraud, and (3) Confirmation of Arbitrator Award.

21. On, or about, November 3, 2020, Plaintiff retained Defendant to represent Plaintiff in the 476513V Case before the Circuit Court.

22. Prior to retaining Defendant, Plaintiff explained the case to one of Defendant's two owners, David Tayman, to ensure that Defendant had the skill and experience to represent Plaintiff in the 476513V Case.

23. Mr. Tayman assured Plaintiff that Defendant had the required skill and experience to represent Plaintiff in the 476513V Case.

24. On, or about, November 3, 2020, Defendant informed Plaintiff that Defendant would assign one of its attorneys, Jason Wallach, to represent Plaintiff in the 476513V Case.

25. Defendant assured Plaintiff that Jason Wallach had the required skill and experience to represent Plaintiff in the 476513V Case.

26. Defendant assured Plaintiff that Defendant would oversee Jason Wallach in the 476513V Case.

27. On, or about, November 4, 2020, Jason Wallach filed his Notice of Appearance on behalf of Plaintiff in the 476513V Case.

28. Mr. Wallach's Notice of Appearance included his email address as JWallach@TLCLawFirm.com.

29. On information and belief, the domain name "TLCLawFirm.com" is owned by Defendant.

30. Mr. Wallach's Notice of Appearance included his address as Tayman Lane Chaverri LLP 601 13th Street NW, Suite 900 South, Washington, DC 20005.

31. On information and belief, at the time Mr. Wallach filed his Notice of Appearance in the

476513V Case, Mr. Wallach was one of the attorneys working for Defendant.

32. On information and belief, Mr. Wallach was an employee of Defendant between the dates of November 3, 2020, and December 31, 2023.

33. On information and belief, Mr. Wallach is still employed by Defendant.

34. Defendant appeared on behalf of Plaintiff in a November 5, 2020, hearing before Judge Salant to argue against American Deck-MD's Motion to Dismiss, or in the Alternative for Summary Judgment ("the Nov. 5, 2020, Hearing").

35. On information and belief, during the Nov. 5, 2020, Hearing, Judge Salant dismissed Plaintiff's Breach of Contract count, without prejudice, against American Deck-MD.

36. During the Nov. 5, 2020, Hearing, Defendant failed to argue that Plaintiff could properly plead both the Breach of Contract count against American Deck-MD and the Confirmation of Arbitration Award count in the alternative.

37. On, or about, November 9, 2020, Defendant filed Plaintiff's Pretrial Statement in the 476513V Case.

38. The Pretrial Statement filed by Defendant in the 476513V Case respectfully requested that the Circuit Court confirm the Arbitration Award against American Deck-MD and Mr. Christopher Sean Conway.

39. When Defendant filed Plaintiff's Pretrial Statement, Mr. Conway was not yet a defendant in the 476513V Case.

40. The Pretrial Statement filed by Defendant in the 476513V Case still addressed the Breach of Contract count that was verbally dismissed by Judge Salant during the Nov. 5, 2020, Hearing.

41. On information and belief, Defendant's argument to have the Court confirm the Arbitration Award (which was on its face against American Deck & Patio) against American Deck-MD and Mr. Conway is contrary to black letter law in Maryland as held in *Capital Select Realtors, LLC v NRT Mid-Atlantic, LLC* 197 Md. App. 698 (2011).

42. On, or about, November 12, 2020, Defendant finalize and filed a First Amended Complaint ("FAC") on Plaintiff's behalf in the 476513V Case.

43. The FAC was signed by Defendant.

44. The FAC filed by Defendant added Mr. Christopher (Sean) Conway as a second defendant in the 476513V Case.

45. After Defendant filed the FAC, the two defendants in the 476513V Case were American Deck-MD and Mr. Conway ("the 476513V Defendants").

46. Maryland Rule 2-305, entitled Claims for Relief, states "[a]pleading that sets forth a claim for relief, . . . shall contain a clear statement of the facts necessary to constitute a cause of action and a demand for judgment for the relief sought . . .".

47. The FAC filed by Defendant in the 476513V Case failed to comply with Maryland Rule 2-305 because the FAC did not include "a demand for judgment for the relief sought".

48. The FAC filed by Defendant in the 476513V Case included counts for: (1) Confirmation of Arbitrator Award, (2) Fraud, and (3) Violation of Maryland's Consumer Protection Act.

49. The FAC filed by Defendant requested that the Circuit Court confirm the Arbitration Award against the 476513V Defendants.

50. As filed by Defendant, Count One of the FAC requested that the Circuit Court confirm the Arbitration Award (which, on its face, was against American Deck & Patio) and enter judgment under the Arbitration Award against the 476513V Defendants.

51. Defendant included a request for relief in the FAC that the Circuit Court enter a judgment and order finding the 476513V Defendants liable under the Arbitration Award and compelling the 476513V Defendants to pay the Arbitration Award.

52. On information and belief, Defendant's request in the FAC that the Court confirm the Arbitration Award against the 476513V Defendants was contrary to the black letter law as stated in *Capital Select Realtors, LLC v NRT Mid-Atlantic, LLC.*

53. At, or about, the time that the FAC was filed, the extended deadline for discovery was March 26, 2021.

54. On, or about, March 16, 2021, Defendant attempted to schedule depositions of the 476513V Defendants to occur prior to the extended discovery deadline.

55. On information and belief, Defendant mailed a deposition notice out to the 476513V Defendants on March 16, 2021.

56. On information and belief, Defendant also attempted to email a copy of the deposition notice out to the 476513V Defendants on March 16, 2021.

57. The depositions to be held pursuant to the Notice of Deposition sent on, or around, March 16, 2021, never occurred.

58. On, or about, April 10, 2022, the 476513V Defendants filed Defendants' Trial Memorandum Regarding Plaintiff's Election of his Form of Relief ("the Election of Relief Memo").

59. The Election of Relief Memo argued that in the 476513V Case, "Plaintiff must elect between his equitable claim for confirmation of the Arbitration Award verses his legal claim for fraud and violation of the Consumer Protection Act."

60. The Election of Relief Memo also argued that in the 476513V Case, "[a]s Plaintiff's requested relief does not comply with the mandatory requirements of Md. Rule 2-305, and Plaintiff has not sought correction or modification of the award, the only even potential legally cognizable relief is the equitable relief of confirmation of the Arbitration Award against American Deck & Patio." (footnote omitted).

61. On information and belief, on April 11, 2022, Defendant was expressly advised by the Court that the 476513V Defendant's Election of Relief could be claim dispositive.

62. On April 11, 2022, the Circuit Court scheduled a hearing on the Election of Relief for June 6, 2022.

63. On April 19, 2022, Plaintiff sent Defendant check #258 for payment of legal fees charged by Defendant for the 476513V Case.

64. On, or about, May 11, 2022, Defendant prepared, finalize and filed a second amended complaint ("SAC") on Plaintiff's behalf in the 476513V Case.

65. The SAC was signed by Defendant.

66. In the SAC filed by Defendant, American Deck, Inc. was added as a third defendant in the 476513V Case.

67. The SAC filed by Defendant in the 476513V Case failed to comply with Maryland Rule 2-305 because the SAC did not include "a demand for judgment for the relief sought".

68. The SAC filed by Defendant included counts for: (1) Confirmation of Arbitrator Award against the 476513V Defendants, (2) Fraud against the 476513V Defendants, (3) Violation of Maryland's Consumer Protection Act against the 476513V Defendants and (4) Declaration of Rights against all Defendants.

69. The SAC filed by Defendant requested that the Circuit Court confirm the Arbitration Award against the 476513V Defendants.

70. As filed by Defendant, Count One of the SAC requested that the Circuit Court confirm the Arbitration Award (which, on its face, was against American Deck & Patio) and enter judgment under the Arbitration Award against the 476513V Defendants.

71. On information and belief, Defendant's request in the SAC that the Circuit Court confirm the Arbitration Award against the 476513V defendants was contrary to the black letter law as stated in *Capital Select Realtors, LLC v. NRT Mid-Atlantic, LLC,* 197 Md. App. 698, 713 (2011).

72. Defendant included a request for relief in the SAC that the Circuit Court enter a judgment and order finding the 476513V Defendants liable under the Arbitration Award and compelling the 476513V Defendants to pay the Arbitration Award.

73. On June 1, 2022, Plaintiff sent Defendant check #268 for payment of legal fees charged by Defendant for the 476513V Case.

74. On June 2, 2022, the 476513V Defendants filed their Supplement to the Defendants' Motion to Compel Plaintiff to Elect Relief.

75. On, or about, June 6, 2022, Defendant prepared, finalize and filed a third amended complaint ("TAC") on Plaintiff's behalf.

76. The TAC was signed by Defendant.

77. For the first time, the TAC filed by Defendant included "a demand for judgment for the relief sought".

78. Specifically, for the first time, the TAC filed by Defendant included the statement requesting "[a] judgement awarding damages in excess of $75,000".

79. On, or about, September 14, 2022, the Circuit Court struck the TAC filed by Defendant.

80. On, or about, September 14, 2022, the Circuit Court ordered Plaintiff to determine which

count he will proceed with in the 476513V Case within 15 days.

81. On September 30, 2022, Defendant filed a line item with the Circuit Court electing to proceed with Count 1, the confirmation of Arbitration Award count against the 476513V Defendants.

82. The line item filed on September 30, 2022 by Defendant, withdrew Count Two (the Fraud count) and Count Three (the Violation of Maryland's Consumer Protection Act), without prejudice, against the 476513V Defendants.

83. On November 30, 2022, the Circuit Court determined that jury trial was waived.

84. On December 6, 2022, the Circuit Court held a trial in the 4576513 Case.

85. The December 6, 2022, trial in the 476513V Case was held before Judge Hessler.

86. Prior to the December 6, 2022, trial, Plaintiff specifically asked Defendant what documents, if any, should Plaintiff have available to request fees and expenses incurred in Plaintiff's attempts to confirm the Arbitration Award.

87. In response to Plaintiff's inquiry, Defendant told Plaintiff that fees and expenses would be addressed at a later time.

88. Prior to the trial on December 6, 2022, Defendant failed to file a motion with the Circuit Court to bifurcate between the issues of liability with the issue of damages.

89. During the trial on December 6, 2022, Defendant failed to offer any evidence of Plaintiff's expenses related to his efforts to confirm the Arbitration Award.

90. During the trial on December 6, 2022, neither the Breach of Contract count, Fraud count nor the Violation of Maryland's Consumer Protection Act count were presented or argued.

91. During the trial, citing the *Capital Select Realtors, LLC v. NRT Mid-Atlantic, LLC,* 197 Md. App. 698, 713 (2011) decision, Judge Hessler stated that he could not confirm the Arbitration Award against either of the 476513V Defendants.

92.  During the trial, citing the *Capital Select Realtors, LLC v. NRT Mid-Atlantic, LLC,* 197 Md. App. 698, 713 (2011) decision, Judge Hessler stated that he could only confirm the Arbitration Award against American Deck & Patio.

93. On information and belief, during the trial, Judge Hessler stated that a motion to bifurcate

the trial between liability and damages was never filed by Defendant on behalf of Plaintiff.

94. On, or about, December 7, 2022, Defendant sent an email to Plaintiff regarding the time frame for filing a second arbitration against American Deck-MD.

95. On, or about, December 8, 2022, Plaintiff filed an arbitration ("the American Deck-MD Arbitration") before the American Arbitration Association ("AAA") against American Deck-MD dba American Deck & Patio.

96. The case number for the American Deck-MD Arbitration was 01-22-0005-1778.

97. On, or about, December 9, 2022, Judge Hessler confirmed the Arbitration Award against the dba entity American Deck & Patio.

98. On, or about, December 9, 2022, Judge Hessler denied Plaintiff's request to enter judgment under the award against the 476513V Defendants.

99. On, or about, December 9, 2022, Judge Hessler denied Plaintiff's request for the 476513V Defendants to pay Plaintiff for fees and expenses associated with confirming the Arbitration Award.

100.    On, or about, January 9, 2023, Defendant filed a Rule 2-535 Motion to Open Judgment to Receive Additional Evidence, Enter New Findings, and Alter or Amend Judgment on Plaintiff's behalf.

101.    On, or about, January 11, 2023, Defendant requested that Plaintiff forward a copy of the demand for the American Deck-MD Arbitration to Defendant.

102.    On, or about, January 11, 2023, Defendant provided Plaintiff with suggestions on responding to communications with the AAA in the American Deck-MD Arbitration.

103.    On, or about, January 13, 2023, Defendant assisted Plaintiff in correspondence between Plaintiff and the AAA in the American Deck-MD Arbitration.

104.    On, or about, January 25, 2023, Judge Hessler denied the Rule 2-535 Motion to Open Judgment to Receive Additional Evidence, Enter New Findings, and Alter or Amend Judgment filed by Defendant in the 476513V Case.

105.    On, or about, March 12, 2023, American Deck-MD filed a Petition to Stay [the American Deck-MD] Arbitration, case number C-15-cv-23-000952 ("Stay the American Deck-

MD Arbitration Case") against Plaintiff in the Circuit Court for Montgomery County.

106.     American Deck-MD's petition to Stay the American Deck-MD Arbitration Case was based on the actions taken by Defendant in the 476513V Case, including, but not limited to, the filing of the FAC, the SAC, and the third TAC.

107.     On information and belief, in the Stay the American Deck-MD Arbitration Case, American Deck-MD argued that Plaintiff had waived and/or is estopped from instituting the American Deck-MD Arbitration because of filings, arguments, and positions taken by Defendant in the 476513V Case on behalf of Plaintiff.

108.     On Apil 11, 2023, Defendant reported American Deck-MD's filing of the Stay the American Deck-MD Arbitration Case out to Plaintiff.

109.     On, or about, April 26, 2023, American Deck-MD filed an Amended Petition in the Stay the American Deck-MD Arbitration Case.

110.     On, or about, June 17, 2023, American Deck-MD filed a Second Amended Petition in the Stay the American Deck-MD Arbitration Case.

111.     On October 13, 2023, Defendant sent Plaintiff an email severing Defendant's representation of Plaintiff.

112.     On December 8, 2023, one of Defendant's two owners sent an email to the attorney that represented the 476513V Defendants stating that "neither Tayman Lane Chaverri LLP nor any of its attorneys are representing Mr. War in any matter."

113.     During the time that Defendant represented Plaintiff, Defendant issued invoices from Tayman Lane Chaverri LLP REMITTANCE ADDRESS: P.O. Box 243, CABIN JOHN, MD 20818-0243.

114.     On information and belief, the P.O. Box 243, Cabin John, MD 20818-0243 is the address that Defendant receives payment from its clients at.

115.     On, or about, September 13, 2023, Plaintiff filed an answer in the Stay the American Deck-MD Arbitration Case.

116.     On, or about, March 14, 2024, Judge Schweitzer of the Montgomery County Circuit Court held a trial in the Stay the American Deck-MD Arbitration Case.

117.    On, or about, May 21, 2024, Judge Schweitzer issued an order in the Stay the American Deck-MD Arbitration Case denying American Deck-MD's: (a) Petition to Stay the Second Arbitration, (b) Request for a Preliminary Injunction, (c) request for a Temporary Restraining Order and (d) Request for Attorney's Fees.

118.    On, or about, July 10, 2024, American Deck-MD filed its Notice of Appeal of the decision in the Stay the American Deck-MD Arbitration Case ("American Deck-MD Appeal") in the Appellate Court of Maryland.

119.    The American Deck-MD Appeal was assigned case number ACM-REG-0933-2024.

120.    On September 27, 2024, Howard Golberg, the arbitrator for the American Deck-MD Arbitration issued an Award of Arbitrator ("Arbitration Award against American Deck-MD") in Plaintiff's favor including ordering American Deck-MD to pay plaintiff: 1) $14,722.80 plus 2) $8,000 plus 3) $4,487.50 for a total of $27,210.30 within 30 days from the date of the award.

121.    On, or about, October 25, 2024, American Deck-MD filed a Petition against Plaintiff in the Circuit Court for Howard County to Vacate the Arbitration Award Against American Deck-MD.

122.    The case number for the Petition to Vacate the Arbitration Award Against American Deck-MD is C-13-CV-24-000904.

123.    On, or about, January 6, 2025, Appellant American Deck-MD filed its brief in the American Deck-MD Appeal.

124.    On or about, January 28, 2025, American Deck-MD filed an Amended Petition to Vacate the Arbitration Award Against American Deck-MD in case no. C-13-CV-24-000904.

125.    On, or about, February 26, 2025, Plaintiff filed his brief in the American Deck-MD Appeal.

126.    On, or about, March 38, 2025, Appellant American Deck-MD filed its reply brief in the American Deck-MD Appeal.

127.    On, or about, July 30, 2025, Plaintiff filed his answer in case no. C-13-CV-24-000904.

128.    On October 9, 2025, the Appellate Court of Maryland heard oral arguments in the American Deck-MD Appeal.

COUNT ONE

LEGAL MALPRACTICE/PROFESSIONAL NEGLIGENCE

129.    Plaintiff refers to and incorporates the allegations in the preceding paragraphs, the same as if set forth herein.

130.    Under Maryland law, the elements of a cause of action for negligence or malpractice against an attorney are: 1) attorney's employment, 2) the attorney's neglect of a reasonable duty, and 3) loss to the client proximately caused by that neglect of duty.

131.    Plaintiff hired Defendant to represent Plaintiff in the 476513V Case on, or about, November 3, 2020.

132.    In November 2020, Defendant assigned one of its attorneys to represent Plaintiff in the 476513V Case.

133.    Defendant assigned Jason Wallach to represent Plaintiff in the 476513V Case.

134.    Defendant's attorney Jason Wallach filed a Notice of Appearance on behalf of Plaintiff in the 476513V Case on, or about, November 4, 2020.

135.    Defendant's attorney represented Plaintiff in the 476513V Case from early November 2020 through the trial in the 476513V Case.

136.    Defendant's attorney continued to represent Plaintiff in the 476513V Case after the conclusion of the trial in the 476513V Case.

137.    An attorney-client relationship between Defendant and Plaintiff existed with respect to Defendant's representation of Plaintiff in the 476513V Case.

138.    During the November 5, 2020, hearing, Defendant failed to argue that Plaintiff could properly plead Breach of Contract and Confirmation of the Arbitration Award in the alternative.

139.    By failing to argue that Plaintiff could alternatively plead both the Breach of Contract and the Confirmation of the Arbitration Award, Defendant prevented Plaintiff from pursuing the Breach of Contract count against the 476513V Defendants in the 476513V Case.

140.    The FAC filed by Defendant in the 476513V Case failed to comply with Maryland Rule 2-305 because the first amended complaint did not include "a demand for judgment for the relief sought".

141.    The SAC filed by Defendant in the 476513V Case failed to comply with Maryland Rule 2-305 because the first amended complaint did not include "a demand for judgment for the relief sought".

142.    By failing to include a demand for judgment for the relief sought in the FAC and the SAC, Defendant prevented Plaintiff from pursuing the Breach of Contract count, the Fraud count and the Violation of the Maryland Consumer Protection Act count against the 476513V Defendants in the 476513V Case.

143.    On information and belief, Defendant's request in the FAC that the Court confirm the Arbitration Award against the 476513V defendants was contrary to the black letter law as stated in *Capital Select Realtors, LLC v NRT Mid-Atlantic, LLC.*

144.    On information and belief, Defendant's request in the SAC that the Court confirm the Arbitration Award against the 476513V defendants was contrary to the black letter law as stated in *Capital Select Realtors, LLC v NRT Mid-Atlantic, LLC.*

145.    Defendant's failure to properly notice the depositions of the 476513V Defendants prevented the 476513V Defendants from being deposed in the 476513V Case.

146.    Defendant's failure to file a motion to bifurcate the trial in the 476513V Case prevented Plaintiff from pursing a claim for fees against the 476513V Defendants associated with confirming the Arbitration Award.

147.    Defendant failure to introduce any evidence regarding Plaintiff's costs in confirming the Arbitration Award during the December 6, 2022 trial prevented Plaintiff from pursing a claim for fees against the 476513V Defendants associated with confirming the Arbitration Award.

148.    Defendant failed to explain to Plaintiff that a party may waive its right to arbitration if the party pursues litigation instead of initiating an arbitration.

149.    At no time did Defendant explain to Plaintiff that American Deck-MD could argue

that Plaintiff waived his right to an arbitration against American Deck-MD by Defendant's actions in the 476513V Case.

150.     As a result of the above failures, Defendant failed to exercise the level of skill, knowledge and care ordinarily possessed and exercised by other attorneys during the course of the 476513V Case.

151.     Defendant's neglect of its duties caused Plaintiff to incur additional legal fees in pursuing confirmation of the Arbitration Award against the 476513V Defendants which was contrary to the black letter law as held in *Capital Select Realtors, LLC v NRT Mid-Atlantic, LLC.*

152.     Defendant's neglect of its duties caused Plaintiff to incur additional expenses and spend additional time in the American Deck-MD Arbitration namely, 01-22-0005-1778.

153.     Defendant's neglect of its duties caused Plaintiff to incur additional expenses and spend additional time in case number C-15-CV-23-000952.

154.     Defendant's neglect of its duties caused Plaintiff to incur additional expenses and spend additional time in ACM-REG-0933-2024.

155.     Defendant's neglect of its duties caused Plaintiff to incur additional expenses and spend additional time in C-13-CV-24-000904.

156.     Defendant's failure to argue that the breach of contract count could be argued in the alternative and Defendant's failure to comply with Maryland Rule 2-302 in the SAC resulting in no damages being available for Plaintiff's Breach of Contract count against the 4786513V Defendants.

157.     Defendant's failure to comply with Maryland Rule 2-305 in the SAC resulted in no damages being available for Plaintiff's fraud count against the 476513V Defendants.

158.     Defendant's failure to comply with Maryland Rule 2-305 in the SAC resulted in no damages being available for Plaintiff's Violation of Maryland's Consumer Protection Act against the 476513V Defendants.

159.     Defendant's failure to comply with Maryland Rule 2-305 in the SAC resulted in Plaintiff not being able to pursue either the Fraud Count or the Violation of Maryland's Consumer Protection Act against the 476513V Defendants in the 476513V Case.

160.    Defendant's failure to comply with Maryland Rule 2-305 in the SAC forced Plaintiff to elect the confirming the Arbitration Award against American Deck & Patio.

COUNT TWO

BREACH OF CONTRACT

161.    Plaintiff refers to and incorporates the allegations in the preceding paragraphs, the same as if set forth herein.

162.    Under Maryland law, the elements of breach of contract are: 1) existence of a contract, 2) breach of a contractual obligation, 3) plaintiff's performance or excuse for nonperformance and 4) damages to plaintiff.

163.    Plaintiff and Defendant had a contract in that Defendant agreed to represent Plaintiff in the 476513V Case.

164.    Defendant's obligations under this contract include the duties of: 1) communication, 2) competence, 3) loyalty, 4) confidentiality and 5) fiduciary responsibility.

165.    Defendant breached its duty of communication by not informing Plaintiff that a party may waive its right to arbitration if the party pursues litigation instead of initiating an arbitration.

166.    Defendant breached its duty of communication by not informing Plaintiff that American Deck-MD could argue that Plaintiff waived his right to Arbitration against American Deck-MD by Defendant's actions in the 476513V Case.

167.    Defendant breached its duty of competence by failing to argue that Plaintiff could alternatively plead both the Breach of Contract and the Confirmation of the Arbitration Award in the Nov. 5, 2020, Hearing.

168.    Defendant breached its duty of competence by filing a FAC that failed to comply with Maryland Rule 2-305 because the FAC did not include "a demand for judgment for the relief sought".

169.    Defendant breached its duty of competence by filing a SAC that failed to comply with Maryland Rule 2-305 because the SAC did not include "a demand for judgment for the relief sought".

170.     On information and belief, Defendant breached its duty of competence by filing a FAC that requested the Circuit Court confirm the Arbitration Award against the 476513V defendants which was contrary to the black letter law as stated in *Capital Select Realtors, LLC v. NRT Mid-Atlantic, LLC,* 197 Md. App. 698, 713 (2011).

171.     On information and belief, Defendant breached its duty of competence filing a SAC that requested the Circuit Court confirm the Arbitration Award against the 476513V defendants which was contrary to the black letter law as stated in *Capital Select Realtors, LLC v. NRT Mid-Atlantic, LLC,* 197 Md. App. 698, 713 (2011).

172.     Defendant breached its duty of competence by not properly noticing the depositions of the 476513V Defendants.

173.     Defendant breached its duty of competence by failing to file a motion to bifurcate liability with damages in the 476513V Case.

174.     Defendant breached its duty of fiduciary responsibility by failing to offer evidence of costs and expenses incurred by Plaintiff related to confirming the Arbitration Award during the trial in the 476513V Case.

175.     Defendant breached its duty of fiduciary responsibility by continuing to charge Plaintiff for pursuing counts in the 476513V case that were contrary to black letter law.

176.     Defendant breached its duty of fiduciary responsibility by continuing to charge Plaintiff for pursuing counts in the 476513V case for which no demand for judgment for the relief sought was filed.

177.     Plaintiff complied with its obligations under the contract in that Plaintiff paid several of Defendant's invoices.

178.     Plaintiff was damaged in that Plaintiff incurred additional legal fees in pursuing confirmation of the Arbitration Award against the 476513V Defendants which was contrary to the black letter law as held in *Capital Select Realtors, LLC v. NRT Mid-Atlantic, LLC,* 197 Md. App. 698, 713 (2011).

179.     Plaintiff was damaged in that Plaintiff incurred additional expenses and spent additional time in the American Deck-MD Arbitration namely, 01-22-0005-1778.

180.     Plaintiff was damaged in that Plaintiff incurred additional expenses and spent additional time in case number C-15-CV-23-000952.

181.     Plaintiff was damaged in that Plaintiff incurred additional expenses and spent additional time in ACM-REG-0933-2024.

182.     Plaintiff was damaged in that Plaintiff incurred additional expenses and spent additional time in C-13-CV-24-000904.

183.     Plaintiff was damaged in that Plaintiff could not pursue his Breach of Contract count in the 476513V Case.

184.     Plaintiff was damaged in that Plaintiff could not pursue his Fraud count in the 476513V Case.

185.     Plaintiff was damaged in that Plaintiff could not pursue his Violation of Maryland's Consumer Protection Act count in the 476513V Case.

186.     Plaintiff was damaged in that Plaintiff could only pursue a confirmation of the Arbitration Award against the dba American Deck & Patio in the 476513V Case.

COUNT THREE

NEGLIGENT MISREPRESENTATION

187.     Plaintiff refers to and incorporates the allegations in the preceding paragraphs, the same as if set forth herein.

188.     Under Maryland law, the elements of negligent misrepresentation include: 1) duty of care, 2) negligent assertion of a false statement, 3) intent for reliance, 4) knowledge of likely reliance, 5) justifiable reliance and 6) damages.

189.     By agreeing to represent Plaintiff in the 476513V Case, Defendant owed Plaintiff a duty of care.

190.     Prior to being retained, Defendant provided Plaintiff with assurances that Defendant had the appropriate skill and knowledge to adequately represent Plaintiff in the 476513V Case.

191.     Through action and words, Defendant assured Plaintiff that Defendant knew the proper procedures on how confirm an Arbitration Award and how to properly conduct a litigation.

192.    Defendant represented that it could adequately represent Plaintiff in the 476513V Case.

193.    Defendant intended that Plaintiff would rely on Defendant's assurances and representations and hire Defendant to represent Plaintiff in the 476513V Case.

194.    Based on Defendant's representations, Plaintiff did hire Defendant to represent Plaintiff in the 476513V Case.

195.    Plaintiff justifiably relied on Defendant's assurances and representations when Plaintiff hired Defendant.

196.    As a result of hiring Defendant and Defendant's failure to properly represent Plaintiff, Plaintiff lost its ability to pursue damages for breach of contract in the 476513V Case.

197.    As a result of hiring Defendant and Defendant's failure to properly represent Plaintiff, Plaintiff lost its ability to pursue damages for fraud in the 476513V Case.

198.    As a result of hiring Defendant and Defendant's failure to properly represent Plaintiff, Plaintiff lost its ability to pursue damages for Violation of the Consumer Protection Act in the 476513V Case.

199.    As a result of hiring Defendant and Defendant's failure to present evidence during trial of fees spent attempting to confirm the Arbitration Award, Plaintiff lost its ability to pursue an award of fees to confirm the Arbitration Award in the 476513V Case.

200.    As a result of hiring Defendant and Defendant's failure to properly represent Plaintiff, Defendant spent additional time representing Plaintiff on matters that were never addressed at the trial and Plaintiff was therefore overcharged for legal fees.

201.    As a result of hiring Defendant and Defendant's failure to properly represent Plaintiff in the 476513V Case, Plaintiff was damaged by being forced to be a respondent in American Deck-MD's petition to stay arbitration in case number C-15-cv-23-000952.

202.    As a result of hiring Defendant and Defendant's failure to properly represent Plaintiff in the 476513V Case, Plaintiff was damaged by being forced to be an Appellee in American Deck-MD's appeal in ACM-REG-0933-2024.

203.    As a result of hiring Defendant and Defendant's failure to properly represent

Plaintiff in the 476513V Case, Plaintiff was damaged by being forced to be a petitioner in the American Deck-MD arbitration, case no. 01-22-0005-1778.

204.    As a result of hiring Defendant and Defendant's failure to properly represent Plaintiff in the 476513V Case, Plaintiff was damaged by being forced to be a respondent in American Deck-MD's petition to vacate the American Deck-MD Arbitration Award before the Howard County Circuit Court in case number C-13-cv-24-000904.

COUNT FOUR

BREACH OF FIDUCIARY DUTY

205.    Plaintiff refers to and incorporates the allegations in the preceding paragraphs, the same as if set forth herein.

206.    Under Maryland law, an attorney owes a fiduciary duty to his/her clients.

207.    The fiduciary duty an attorney owes to his/her clients includes: 1) the attorney to act with the utmost good faith and care in all matters, 2) the attorney to act in the best interests of the client, and 3) to inform clients of significant information.

208.    Under Maryland law, the elements of breach of fiduciary duty are: 1) existence of a fiduciary relationship, 2) breach of the duty owed by fiduciary to the beneficiary and 3) harm to the beneficiary.

209.    As part of Defendant's representation of Plaintiff, a fiduciary relationship existed between Defendant and Plaintiff.

210.    Defendant had a duty to act for the benefit of Plaintiff with respect to representing Plaintiff in the 476513V Case.

211.    Defendant breached its fiduciary duties by failing to argue during the Nov. 5, 2020, Hearing that the Breach of Contract Claim and the Confirmation of the Arbitration Award were alternative pleadings and failing to abide by Maryland Rule 2-305 in the FAC and the SAC, thereby preventing Plaintiff from pursuing damages for Breach of Contract in the 476513V Case.

212.    Defendant breached its fiduciary duties by failing to abide by Maryland Rule 2-305 in the FAC and the SAC, thereby preventing Plaintiff from pursuing damages for fraud in the 476513V Case.

213.    Defendant breached its fiduciary duties by failing to abide by Maryland Rule 2-305 in the FAC and the SEC, thereby preventing Plaintiff from pursuing damages for Violation of the Consumer Protection Act in the 476513V Case.

214.    On information and belief, Defendant breached its fiduciary duties by continuing to include counts to confirm the Arbitration Award against the 476513V Defendants contrary to the black letter law stated in *Capital Select Realtors, LLC v. NRT Mid-Atlantic, LLC,* 197 Md. App. 698, 713 (2011).

215.    Defendant breached its fiduciary duties by proceeding with the trial to confirm the Arbitration Award against the 476513V Defendants contrary to the black letter law stated in *Capital Select Realtors, LLC v. NRT Mid-Atlantic, LLC,* 197 Md. App. 698, 713 (2011).

216.    Defendant breached its fiduciary duties by failing to present evidence during trial of fees and expenses spent attempting to confirm the Arbitration Award and preventing Plaintiff from pursuing an award of fees to confirm the Arbitration Award in the 476513V Case.

217.    Defendant breached its fiduciary duties by not bifurcating the 476513V Case between the merits and the damages.

218.    Defendant breached its fiduciary duty to inform clients of significant information by not informing Plaintiff that a party may waive its right to arbitration if the party pursues litigation instead of initiating an arbitration.

219.    Defendant breached its fiduciary duty to inform clients of significant information by not informing Plaintiff that American Deck-MD could argue that Plaintiff waived his right to Arbitration against American Deck-MD by Defendant's actions in the 476513V Case.

220.    Plaintiff was harmed by Defendant's breach of its fiduciary duties in that Plaintiff was not able to pursue his Breach of Contract count in the 476513V Case.

221.    Plaintiff was harmed by Defendant's breach of its fiduciary duties in that Plaintiff was not able to pursue his Fraud count in the 476513V Case.

222.    Plaintiff was harmed by Defendant's breach of its fiduciary duties in that Plaintiff was not able to pursue his Violation of Maryland's Consumer Protection count in the 476513V Case.

223.    Plaintiff was harmed by Defendant's breach of its fiduciary duties in that Plaintiff was charged additional legal fess in the 476513V Case then Plaintiff should have been charged.

224.    Plaintiff was further damaged by Defendant's breach of its fiduciary duties by Plaintiff being forced to file the American Deck-MD Arbitration case number 01-22-0005-1778 against American Deck-MD.

225.    Plaintiff was further damaged by Defendant's breach of its fiduciary duties by Plaintiff being forced to be a respondent in American Deck-MD's petition to stay arbitration in case number C-15-cv-23-000952.

226.    Plaintiff was further damaged by Defendant's breach of its fiduciary duties by Plaintiff being forced to being an Appellee in American Deck-MD's appeal in ACM-REG-0933-2024.

227.    Plaintiff was further damaged by Defendant's breach of its fiduciary duties by Plaintiff being forced to being respondent in C-13-CV-24-000904.

228.    Plaintiff was further damaged by Defendant's breach of its fiduciary duties by Plaintiff being forced to pay additional fees and expenses for his participation in case numbers 01-22-0005-1778, C-15-cv-23-000952, ACM-REG-0933-2024 and C-13-CV-24-000904.

## COUNT FIVE

### UNJUST ENRICHMENT

229.    Plaintiff refers to and incorporates the allegations in the preceding paragraphs, the same as if set forth herein.

230.    In the alternative to the breach of contract count, if this Court finds that there was not an actual contract between the parties, then Defendant was unjustly enriched through Defendant's dealings with Plaintiff.

231.    Under Maryland law, the elements of unjust enrichment are: 1) a benefit conferred upon the defendant by plaintiff, 2) an appreciation or knowledge by the defendant of the benefit, and 3) the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retainer the benefit without the payment of its value.

232.    Plaintiff conferred a benefit directly upon Defendant though payment of tens of

thousands of dollars by way of Plaintiff's payments to Defendant for Defendant's representation of Plaintiff in the 476513V Case.

233.    Defendant had an appreciation and knowledge of the payments made by Plaintiff.

234.    The retention of the tens of thousands of dollars paid by Plaintiff to Defendant would be inequitable because Defendant failed to argue during the Nov. 5, 2020, Hearing that the Breach of Contract count was in the alternative to the Confirmation of Arbitration Award and Defendant's failure to abide by Maryland Rule 2-305 thereby preventing Plaintiff from pursuing damages for Breach of Contract in the 476513V Case.

235.    The retention of the tens of thousands of dollars paid by Plaintiff to Defendant would be inequitable because Defendant failed to abide by Maryland Rule 2-305 thereby preventing Plaintiff from pursuing damages for fraud in the 476513V Case.

236.    The retention of the tens of thousands of dollars paid by Plaintiff to Defendant would be inequitable because Defendant failed to abide by Maryland Rule 2-305 thereby preventing Plaintiff from pursuing damages for Violation of the Consumer Protection Act in the 476513V Case.

237.    The retention of the tens of thousands of dollars paid by Plaintiff to Defendant would be inequitable because Defendant failed to present evidence during trial of fees spent attempting to confirm the Arbitration Award thereby preventing Plaintiff from pursuing an award of fees to confirm the Arbitration Award in the 476513V Case.

238.    The retention of the tens of thousands of dollars paid by Plaintiff to Defendant would be inequitable because the only benefit Plaintiff received from the multiple year litigation in the 476513V Case was a confirmation of an Arbitration Award against a "dba" entity which cannot be collected on.

239.    The retention of the tens of thousands of dollars paid by Plaintiff to Defendant would be inequitable because Defendant failed to inform Plaintiff that that a party may waive its right to arbitration if the party pursues litigation instead of initiating an arbitration.

240.    The retention of the tens of thousands of dollars paid by Plaintiff to Defendant would be inequitable because Defendant failed to inform Plaintiff that American Deck-MD could

argue that Plaintiff waived his right to Arbitration against American Deck-MD by Defendant's actions in the 476513V Case.

241.    The retention of the tens of thousands of dollars paid by Plaintiff to Defendant would be inequitable because Defendant's actions in the 476513V Case which resulted in Plaintiff being a party in case numbers 01-22-0005-1778, C-15-cv-23-000952, ACM-REG-0933-2024 and C-13-CV-24-000904 and any related appeals.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

A. A judgment in favor of Plaintiff that Defendant committed legal malpractice/professional negligence;

B. A judgment in favor of Plaintiff that Defendant breach the contract between Plaintiff and Defendant;

C. A judgment in favor of Plaintiff that Defendant negligently misrepresented Plaintiff;

D. A judgment in favor of Plaintiff that Defendant breached its fiduciary duty to Plaintiff;

E. A judgment in favor of Plaintiff that Defendant was unjustly enriched in its dealings with Plaintiff;

F. A judgment and order requiring Defendant to refund all moneys paid to it by Plaintiff;

G. A judgment and order cancelling any further obligations Plaintiff has, or may have for Defendant's representation of Plaintiff in the 476513V Case;

H. A judgment and order requiring Defendant to pay the amount awarded Plaintiff in the Arbitration Award to the extent that these fees are not received by Plaintiff from American Deck-MD;

I. A judgment and order requiring Defendant to pay all of Plaintiff's costs and fees incurred in case number C-15-cv-23-000952 (the Stay the American Deck-MD Arbitration Case);

J. A judgment and order requiring Defendant to pay all of Plaintiff's costs and fees incurred in case number ACM-REG-0933-2024 (American Deck-MD Appeal);

K. A judgment and order requiring Defendant to pay all of Plaintiff's costs and fees incurred in any appeal of case number ACM-REG-0933-2024;

L. A judgment and order requiring Defendant to pay all of Plaintiff's costs and fees incurred in the second arbitration case no 01-22-0005-1778;

M. A judgment and order requiring Defendant to pay all of Plaintiff's costs and fees incurred in case no. C-13-CV-24-000904;

N. A judgment and order requiring Defendant to pay all of Plaintiff's costs and fees incurred in any appeal of case no. C-13-CV-24-000904;

O. A judgment and order cancelling any further obligations Plaintiff has, or may have for any representation Defendant provided to Plaintiff;

P. A judgement and order awarding compensatory damages to Plaintiff;

Q. A judgement and order awarding punitive damages to Plaintiff;

R. A judgement and order awarding restitution to Plaintiff of all monies paid by Plaintiff to Defendant;

S. A judgement and order requiring Defendant to pay Plaintiff pre-judgment and post-judgment interest on all amounts owed by Defendant to Plaintiff;

T. A judgment and order requiring Defendant to pay all damages awarded and assessing all costs of this action against Defendant;

U. A judgment and order requiring Defendant to pay any sanctions or attorney fees awarded to American Deck-MD related to case number 476513V;

V. A judgment and order requiring Defendant to pay any sanctions or attorney fees awarded to Christopher (Sean) Conway related to case number 476513V;

W. A judgment and order requiring Defendant to pay any sanctions or attorney fees awarded to American Deck-MD related to case number C-15-cv-23-000952 (the Stay the American Deck-MD Arbitration Case);

X. A judgment and order requiring Defendant to pay any sanctions or attorney fees awarded to American Deck-MD related to case number ACM-REG-0933-2024 (American Deck-MD Appeal);

Y. A judgment and order requiring Defendant to pay any sanctions or attorney fees awarded to American Deck-MD related to any appeal of case number ACM-REG-0933-2024;

Z.  A judgment and order requiring Defendant to pay any sanction or attorney fees awarded to American Deck-MD related to case number C-13-CV-24-000904;

AA.  A judgment and order requiring Defendant to pay any sanction or attorney fees awarded to American Deck-MD related to any appeal of case number C-13-CV-24-000904;

BB.  A judgment and order requiring Defendant to pay any fees, expenses, or costs paid or incurred by Plaintiff in this lawsuit;

CC.  Any and all other relief to which Plaintiff may show he is entitled to and/or

DD.  A judgement awarding damages in excess of $75,000.

**JURY DEMAND**

Plaintiff demands that this action be tried by a jury.

December 8, 2025                                  Respectfully submitted,


                                                 /s/ Steven War
                                                 Steven War (D.C. # 477822)
                              `                  15521 Quail Run Drive
                                                 Gaithersburg, MD 20878
                                                 Stevewar57@gmail.com
                                                 Tel: (301) 980-3131
                                                 Plaintiff – *pro se*